```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MANTA INDUSTRIES LTD., a foreign
P.R. of China Corporation,

                    Plaintiff,         MEMORANDUM OPINION
                                       AND ORDER

         -against-
                                       12 Civ. 5094 (MGC)

PAUL LAW A/K/A PAUL P. LAW, YOGESH
MONHAN ANAND A/K/A YOGESH M. ANAND
A/K/A "YOGI" M. ANAND, RICH KIDS
JEAN CORP., FASHION DEVELOPMENT
GROUP, INC., DANI MAX DESIGN,
INC., FOLDOM INDUSTRIES LTD., JANE
DOE, and JANE DOE 2,

                    Defendants.
----------------------------------X
```

**Cedarbaum, J.**

Plaintiff Manta Industries Ltd. ("Manta") moves for leave to amend its complaint, which was dismissed following oral argument on December 18, 2012. At that oral argument, I granted Manta leave to amend the complaint but denied leave with respect to the wives of Paul Law and Yogesh Monhan Anand. I ruled that I would reconsider that decision only if Manta submitted authoritative caselaw supporting its position that it has stated a claim against the wives. I also ruled that I would not allow Manta to bring fraudulent misrepresentation claims unless Manta submitted authority showing that it could do so in this instance. Manta has not done so. Since it has not submitted

1

authority as to claims against the wives or as to the fraudulent misrepresentation claims, Manta is precluded from asserting such claims in its amended complaint.

Manta also seeks leave to include a new cause of action against the individual defendants for breach of fiduciary duty. Manta never intimated at oral argument that it would seek to add a new cause of action to its amended complaint. In any event, a claim for breach of fiduciary duty would be futile. First, Manta alleges that Law and Anand breached their fiduciary duty through alleged fraudulent misrepresentation, while their wives did so through alleged fraudulent concealment. Manta's fraudulent misrepresentation claims, however, have been dismissed. Second, and more importantly, "[a] fiduciary relationship does not exist between parties engaged in an arm's length business transaction . . . ." Dembeck v. 220 Cent. Park S., LLC, 33 A.D.3d 491, 492 (1st Dep't 2006). Manta attempts to allege that it had a fiduciary relationship with the individual defendants on the basis of their dealings with its agent while he was visiting the United States. These allegations are insufficient. Manta's claim of breach of fiduciary duty arises from a quintessentially arms-length transaction — purchase of consumer goods. Leave to add a claim for breach of fiduciary duty is denied.

For the sake of clarity, Manta continues to have leave to

amend its complaint to set out causes of action for account stated, breach of contract, and unjust enrichment.

Accordingly, Manta's motion for leave to amend its complaint is granted in part and denied in part.

SO ORDERED.


Dated:   New York, New York
         May 16, 2013


                                    S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge