```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MANTA INDUSTRIES LTD., a foreign
P.R. of China Corporation,

                    Plaintiff,          MEMORANDUM OPINION
                                        AND ORDER
        -against-
                                        12 Civ. 5094 (MGC)

PAUL LAW A/K/A PAUL P. LAW, YOGESH
MONHAN ANAND A/K/A YOGESH M. ANAND
A/K/A "YOGI" M. ANAND, RICH KIDS
JEAN CORP., FASHION DEVELOPMENT
GROUP, INC., DANI MAX DESIGN,
INC., FOLDOM INDUSTRIES LTD., JANE
DOE, and JANE DOE 2,

                    Defendants.
----------------------------------X
```

**Cedarbaum, J.**

Manta Industries Ltd. moves for a default judgment against defendants Rich Kids Jean Corp., Fashion Development Group, Inc., Dani Max Design, Inc., and Foldom Industries Ltd. (the "corporate defendants"). For the following reasons, that motion is denied, and the clerk's certificate of default, dated April 1, 2013, is set aside for good cause. Fed. R. Civ. P. 55(c).

To determine whether there is "good cause" to set aside a default, courts consider: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). "Other relevant equitable factors may also be considered, for

1

instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Id.  First, during oral argument on the individual defendants' motion to dismiss the original complaint, counsel for the defendants established that the corporate defendants' failure to answer the complaint was based on a good faith mistake.  Second, Manta will not be prejudiced.  The parties have only recently ended their attempt to settle and I have very recently ruled on Manta's motion to amend, which itself was filed less than a month ago.  Finally, corporate defendants have a potentially meritorious defense, since counsel has asserted that many of the goods shipped by Manta were defective.

All three factors favor setting aside the entry of default. Accordingly, Manta's motion for a default judgment is denied, and the clerk is instructed to vacate the entry of default against all four corporate defendants.  The corporate defendants are instructed to answer the amended complaint promptly.

SO ORDERED.

Dated:   New York, New York
         May 21, 2013

                                   S/_____
                                     MIRIAM GOLDMAN CEDARBAUM
                                     United States District Judge

2